O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO AMBROSIO,<br><br>                Plaintiff,<br>    v.<br><br>7-ELEVEN, INC.; NANTIYA DARAKANANDA; and DOES 1–100,<br><br>                Defendants. | Case No. 2:13-cv-01850-ODW (MRWx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT**<br><br>cc:order, docket, remand letter to Los Angeles Superior Court, North Central District, Burbank No. EC 059956 |

       The Court has received Defendants 7-Eleven, Inc. and Nantiya Darakananda's Notice of Removal of Plaintiff Faustino Ambrosio's state Unruh Civil Rights Act Complaint. Having carefully considered the papers filed in conjunction with Defendants' Notice, the Court determines that Ambrosio's Complaint does not arise under federal law. The Court must therefore remand this action to the Los Angeles Superior Court.

       Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).

But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction over all civil actions that "arise under" the Constitution or federal law. 28 U.S.C. § 1331. Most federal-question cases allege a federal claim creating the cause of action, *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986), though a case may also arise under federal law where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 13 (1983). But the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 808.

Defendants insist this Court has federal-question jurisdiction over this case because "Plaintiff claims that Defendants violated the [Americans with Disabilities Act] and the federal Americans with Disabilities Act Accessibility guidelines." (Notice of Removal 2.) Yet Ambrosio's Complaint alleges only three *state-law* claims: (1) Violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51(b); (2) Violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51(f); and (3) Declaratory Relief Under California State Law Only. None of these claims arise under federal law. And while California Civil Code section 51 incorporates the ADA as an element of an Unruh Civil Rights Act violation, the Ninth Circuit has *explicitly* held that this is insufficient to confer federal-question jurisdiction: "We hold today that there is no federal-question jurisdiction over a lawsuit for damages brought under California's Disabled Person's Act, even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law."

*Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002). While Ambrosio sues here under the Unruh Civil Rights Act instead of the Disabled Persons Act, this distinction is inapposite, as those Acts often work in conjunction to afford greater protections under California law than the ADA itself provides.

The Court therefore finds that it lacks jurisdiction over this matter and **REMANDS** this case to the Los Angeles County Superior Court, Burbank Courthouse. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

March 19, 2013

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**